Opinion of the Court, by
Judge Mu.r.s.
THIS is a bill filed enjoining a judgment in eject-ment, and setting up an adverse .entry, in the name of. John Tyler, against an elder grant, issued in the name of Jacob Myers. •
The court below investigated the merits of the entry, and directed the mode in which it should be surveyed; and upon its being discovered, that when thussur-veyed, it would not cover the land in contest, the bill was dismissed. We have not thought it necessary to recite the entry, or enquire into its validity; because we are of opinion, that the court erred in giving a decree upon the merits, and that the bill, when dismissed, ought to have been dismissed without prejudice, for the want of proper parties to the controversy. The complainant below, showed a conveyance to himself and y/iilis Morgan, jointly, in pursuance of a sale for the non-payment of taxes, made by the Register of the land-office, as the property of John Tyler, the patentee, ^orSan's n°t a Party> and the complainant shows no conveyance fiom him*
(1) It has been repeatedly held by 1 his court, (li.it all concerned in the fee simple estate, ought to be before the court as parties, in a suit in chancery, brought to try the validity of entries and procure a release of the elder-grant. So far as the complainant has attempted tode-r*ve title unc^er this deed, he has shown another, equal-iy interested with him, not a parly,
(2) The next attempt at showing title, is aconvey-' anee of an undivided portion of the tract, by Charles Tyler, John Linton and Sally, his wife, late Sally Tyler, and Mary Linton, iate Mary Tyler, as heirs of the patentee, John Tyler, executed by John M. Tyler, as attorney in fact for the grantors. The letter ofattor-ney under which he acted, appears to have been ac-’ knowledg'ed before two justices of the peace of Prince William county and State of Virginia, by John Linton and wife, and all the parties, as if the wife was not a ft>me covert, and is dated the 28th of October, 1810. Un-the passage of an act of Assembly on that subject, on the 1st of February, 1312, 2 Dig. L. ÍL 1040, there was *49 do provision existing in this Commonwealth, permitting a feme covert to convey by letter of attorney, and henee the conveyance passed no title from the wife of John Linton, in whom the title was vested, and she became a necessary party, as was held by this court in the case of Stansbury's heirs vs. Pope, 2 Marsh. 436.
(3) The deed of afemeco-7ort’ Proved a courtin Virginia, wiihoutprivy ^insufficient to convey Ifn<1 in tlu3 atate'
bill maybe dismissed absolutely, p0rQpernnr-í' ties; but always without J^resu'ufor the same cause, with yP^per*,ar'
(3) Tlie next deed, is a deed of confirmation, executed by John Linton and wife, in the State of Virginia, This deed only appears to have been signed by her, and not acknowledged on privy examination before the proper authority, and was proved in one’of the courts of Virginia by three witnesses, and sent here and recorded. This left the title where it found it, and she was still a necessary party. ,
As these deeds purported to pass an undivided inter-estm the tract, he next produced a deed of severance to him, from the same grantors, with others, assigning his part. This was attested and proved by witnesses in Virginia, precisely as the deed last named, and was still insufficient to pass the title of Sally Linton; and, of course, the proper parties were not there, to authorize a decree on the merits.
(4) The court below, it is true, might have dismissed the bill-absolutely, for the want of proper parties; but all such dismissions ought tobe without prejudice to a future suit, for the same ground of complaint, with the proper parties before the court.
We will now attend to another ground of claim set up for the land by an amended bill. The defendant below had recovered a judgment in ejectment by virtue of a deed from his patentee, Jacob Myers. This deed was not recorded in due time; and pending this conlro-versy, an execution was issued from the Fleming circuit court, on a decree in chancery in favor of George-Johnson, against certain persons therein named, styled devisees and heirs of Jacob Myers, and was levied on this tractofland, and-it was sold and purchased by Low-ry Jones, to whom the sheriff conveyed, aud he sold and conveyed to the complainant in this suit, who, by his amended bill, set up this title, insisting, that as the deed of the defendant ivas not recorded so as to render it valid against creditors, he, the complainant, had become possessed of the defendant’s title, and thereby was entitled to a perpetual injunction. This claim was contested throughout, and particularly on the ground that *50 'the purchasers under th'e sale, had full notice oí'(he deed and purchase .of the defendant from Jacob Myers-. The court helo#'dismissed this amended bill, on the ground that the claim was purely legal, and suchas the 'chancellor would not aid in any shape,
(5) To súp-port a title derived by Ser°alcorce purporting to '^FanTde3 viséos^of the foi-mcr oivn■er, it is ñecos-that oh076 persons were '-in,fact the
Sharp, attorney-general, for plaintiff; Haggin,for defendant.
(5) We need not 'enquire whether the reasons assigned by the-coúrt below for this dismission, were correct;' for one other reason existed-, 'which was conclusive, 'j;[le record of the chancery suit was produced, contain-mg the decree and execution under which the sale was made; and though these proceedings appear to have ^ecn against divers persons, known and unknown, stated to be heirs or devisees of Jacob Myers, deceased, yet there is not a particle of proof that they were either heirs or devisees. If these persons had themselves conveyed (he land, it would have been incumbent on the claimant under them to show -their relation to Jacob Myers; and i.t-cannot be less so, when their title is asserted under an execution against (hem. The court, therefore* did pot err in rejecting this claim.
But because the dismission of the bill is final, when it ought to have been without prejudice, the decree must •be reversed, and directions given to the court below to dismiss the bill without prejudice to any future suit for -the same- causa.
Each party must bear bis own costs in this court.